# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROBERT TROY McCLURE,** | § | |
| **TDCJ # 1420457,** | § | |
| | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. SA-10-CA-043-XR** |
| **RICK THALER,** | § | |
| **Texas Department of Criminal Justice** | § | |
| **Correctional Institutions Division Director,** | § | |
| | § | |
| **Respondent** | § | |

# SHOW  CAUSE  ORDER

Petitioner Robert Troy McClure has filed a 28 U.S.C. § 2254 Habeas Corpus Petition in challenging his custody pursuant to a conviction and forty-five year sentence for aggravated robbery in cause number CR-2005-234 in the 22nd District Court of Comal County.

A habeas corpus petition may not proceed until the petitioner has paid the $5.00 filing fee or the petitioner is granted leave to proceed in forma pauperis (IFP).  Petitioner's IFP application is incomplete, because it is not accompanied by a certified copy of Petitioner's institutional trust fund account statement for the previous six months.  *See* 28 U.S.C. § 1915(a)(2).  **Petitioner shall pay the filing fee or submit an application to proceed IFP (which must be accompanied by a current TDCJ institutional trust fund account statement for the previous six months) within twenty (20) days.**  An IFP application form and a trust fund account statement are available from Petitioner's TDCJ unit law librarian.  If Petitioner fails to comply, his Petition will be dismissed for failure to prosecute and for failure to comply with the orders of this Court.  *See* Fed. R. Civ. P. 41(b).

The Petition is unexhausted.  Section 2254(b) states "a writ of habeas corpus . . . shall not

be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by a petition for discretionary review in the course of a direct appeal or through a post-conviction writ application. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985). Petitioner appealed his conviction, *McClure v. State*, No. 03-06-646-CR (Tex. App. — Austin), and his petition for discretionary review was refused. *McClure v. State*, PDR No. 009-09 (Tex. Crim. App.). Petitioner's state habeas corpus application was dismissed because his direct appeal was pending. Writ No. 68,.968-03 (Tex. Crim. App. December 16, 2009).

Many of the issues raised by Petitioner in his § 2254 petition do not appear to have been raised in the direct appeal. For example, Petitioner claims the State destroyed blood evidence that would have proven Petitioner's claim of self-defense; Petitioner was his right to a speedy trial; the State withheld records from a jewelry store showing the complainant picked up a gold watch Petitioner had ordered on the complainant's credit card, showing Petitioner did not deprive the complainant of anything regarding the watch; the State used perjured testimony; trial counsel did not introduce the jewelry store's records into evidence; and trial counsel did not introduce a videotape into evidence, although the nature of the tape is not clear.

None of these issues appear in the state court of appeals's opinion, and it does not appear Petitioner raised these issues in that court. For claims Petitioner raises in his § 2254 petition that were not raised on direct appeal in the state court of appeals, Petitioner either raised them for the first time in a petition for discretionary review, he raised them in his state habeas corpus application (Writ No. 68,968-03), or he never raised them in the Texas Court of Criminal Appeals. In each instance the claims would be unexhausted.

Even if Petitioner raised the issues in his petition for discretionary review, the claims would not be exhausted. A claim that is presented in a procedural context in which its merits will not be considered is not exhausted. *Castille v. Peoples*, 489 U.S. 346 (1989) (petitioner's raising an issue for the first time on a petition to the Pennsylvania Supreme Court for allocatur was not "fair presentation" of the claim for the exhaustion requirement where allocatur review under state law was "not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor"). The Court of Criminal Appeals does not entertain claims raised for the first time in a petition for discretionary review. *Ex parte Queen*, 877 S.W.2d 752, 755 n.4 (Tex. Crim. App. 1994); *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989). Therefore, issues not presented to the intermediate court of appeals are not properly presented to the Texas Court of Criminal Appeals in a petition for discretionary review and thus do not satisfy the exhaustion requirement for such claims. *Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir.1990).

Petitioner refers several times to a memorandum of law with attached exhibits he apparently filed with his state habeas corpus application. However, Petitioner's state habeas corpus application was dismissed because his direct appeal was pending. Writ No. 68,.968-03 (Tex. Crim. App. December 16, 2009).

To exhaust state court remedies, a petitioner must present his claims in a procedurally correct manner in accordance with the state court rules. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). The Texas Court of Criminal Appeals does not have jurisdiction to consider a habeas corpus application until after the judgment of conviction becomes final. *Larry v. Dretke*, 361 F.3d at 894 citing *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000). When a defendant appeals the judgment of conviction, the judgment does not become final until the court of appeals issues the

mandate. *Id*. When a petition for discretionary review is filed and then refused, as in Petitioner's case, a court of appeals does not issue the mandate until after the time has expired for filing a motion for rehearing of the refusal of the petition for discretionary review. Tex. R. App. P. 18.1(a). A Texas state habeas application, which is dismissed because a direct appeal is pending, is not properly filed. *See Larry v. Dretke*, 361 F.3d 890, 894, 896 (5th Cir. 2004) (not properly filed in context of whether it statutorily tolls the limitations period). Because such a state application is not properly filed, it cannot be used to exhaust claims, because those claims have not been fairly presented to the highest state court.

In Petitioner's state appeal, the court of appeals issued its opinion on December 4, 2008, Petitioner filed a petition for discretionary review on March 17, 2009, apparently on an extension of time. The petition for discretionary review was refused on August 19, 2009. The mandate was issued on October 3, 2009. Thus, Petitioner's state appeal was still pending and was not final until mandate issued on October 2, 3009. Petitioner states he filed his state habeas corpus application in the district court on August 31, 2009, while his appeal was still pending and was not yet final. Therefore, the Texas Court of Criminal Appeals dismissed the state habeas corpus application because Petitioner's direct appeal was still pending.

Petitioner's state habeas corpus application was dismissed because it was filed prematurely. Any claims that Petitioner raised for the first time in his state habeas corpus application are unexhausted, because Petitioner did not first give the Texas Court of Criminal Appeals a fair opportunity to consider them. Because Petitioner's state habeas corpus application was dismissed because a direct appeal was pending, Petitioner's remedy of a state habeas corpus application remains available.

Therefore, Petitioner is directed to show cause within twenty (20) days why his § 2254 Petition should not be dismissed for failure to exhaust his State remedies. If Petitioner fails to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

It is so ORDERED.

SIGNED on February 2, 2010.


_Nancy Stein Nowak_
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**